■ PETER M. J. REILLY, Appellant, v GERALD SOLOMON et al., Respondents. [613 NYS2d 252] —In an action to recover attorney's fees, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), dated October 16, 1992, which denied his motion for summary judgment and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, an attorney, was retained by the defendant Gerald Solomon to handle Solomon's Federal Court lawsuit

against the Long Island Railroad Company. Solomon agreed to pay the plaintiff a contingency fee of one-third of the recovery. During the discovery stages of the Federal action, Solomon discharged the plaintiff as his attorney without cause and hired the defendant law firm Sable, Gold & Dinhofer, P. C., of which the individual defendants Jesse C. Sable and Frederic M. Gold were members.

Sable entered into a written agreement with the plaintiff as to the plaintiff's attorney's lien on the file. The agreement provided that the plaintiff was to "receive one-third of fee".

The defendants settled the Federal action for $135,557.72. As part of the settlement, the defendants agreed to reduce their fee to $25,000. The defendants acknowledged that the plaintiff was entitled to one-third of that fee. The plaintiff, however, contends that he is entitled to one-third of the standard one-third fee (such as was provided in his retainer agreement with Solomon), rather than the lesser percentage fee that the defendants accepted. The plaintiff commenced this action to recover that amount, i.e., $15,061.97. We agree with the Supreme Court that by virtue of the plaintiff's agreement with the defendants, the plaintiff is entitled to one-third of the fee received by the defendants, not one-third of the standard one-third fee, such as the one to which the plaintiff would have been entitled had he not been discharged by Solomon.

We find no merit to the parties' remaining contentions. Rosenblatt, J. P., Ritter, Goldstein and Florio, JJ., concur.